**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>**HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 15-32919-KRH<br><br>Jointly Administered |

**ORDER APPROVING AMENDED PROCEDURES
GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

Upon the motion (the "**Motion**"),[2] of Plaintiff Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Plaintiff**" or the "**Liquidating Trustee**"), who was appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation (the "**Plan**") in these jointly administered Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**"), by his undersigned counsel, for entry of an Order Approving Amended Procedures Governing Avoidance Action Adversary Proceedings, and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Cullen D. Speckhart (VSB No. 79096)<br>**WOLCOTT RIVERS GATES**<br>919 E. Main Street, Richmond, VA 23219<br>200 Bendix Road, Ste. 300 Virginia Beach, VA 23452<br>Telephone: (757) 497-6633<br>Direct: (757) 470-5566<br>Email: cspeckhart@wolriv.com<br><br>*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust* | Richard S. Kanowitz (admitted *pro hac vice*)<br>**COOLEY LLP**<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Email: rkanowitz@cooley.com<br><br>*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.* |

record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is **GRANTED**, and the procedures set forth in **Exhibit A** to this Order (the "**Amended Procedures Governing Avoidance Action Adversary Proceedings**" or the "**Amended Procedures**") are hereby approved and shall replace and supersede the Avoidance Action Adversary Proceeding Procedures ordered May 26, 2016, and shall govern the Avoidance Actions, effective as of the date of this Order.

2. The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the Amended Procedures Governing Avoidance Action Adversary Proceedings.

3. The time periods set forth in this Order and the Amended Procedures Governing Avoidance Action Adversary Proceedings shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The requirement under Local Bankruptcy Rule 9013-1 (G) to file a memorandum of law in connection with the Motion is hereby waived.

5. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

6. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 26 2017
Richmond, Virginia

/s/ Kevin R Huennekens
KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 30 2017

We ask for this:

 /s/ Cullen D. Speckhart
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone:     (757) 497-6633
Direct:             (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted *pro hac vice*)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

  */s/ Cullen D. Speckhart*
   Cullen D. Speckhart, Esq.

# EXHIBIT A

**Amended Procedures Governing Avoidance Action Adversary Proceedings**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>**HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*,<br><br>Debtors.[3] | Chapter 11<br><br>Case No.: 15-32919-KRH<br><br>Jointly Administered |

### AMENDED PROCEDURES GOVERNING AVOIDANCE ACTION ADVERSARY PROCEEDINGS

These Amended Procedures Governing Avoidance Action Adversary Proceedings (the "**Amended Procedures**") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") in the above-captioned jointly administered Chapter 11 bankruptcy cases. Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Motion to Amend Procedures Governing Avoidance Action Adversary Proceedings (the "**Motion**"). The Court approved these Amended Procedures by Order entitled Order Approving Procedures Governing Avoidance Action Adversary Proceedings (the "**Order**").

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

| | |
|---|---|
| Cullen D. Speckhart (VSB No. 79096)<br>**WOLCOTT RIVERS GATES**<br>919 E. Main Street, Richmond, VA 23219<br>200 Bendix Road, Ste. 300 Virginia Beach, VA 23452<br>Telephone: (757) 497-6633<br>Direct:          (757) 470-5566<br>Email: cspeckhart@wolriv.com | Richard S. Kanowitz (admitted pro hac vice)<br>**COOLEY LLP**<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Email: rkanowitz@cooley.com |
| *Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust* | *Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.* |

The Amended Procedures replace and supersede the Avoidance Action Adversary Proceeding Procedures established on May 26, 2016.

These Amended Procedures apply to all of the Avoidance Actions that the Liquidating Trustee has filed and will file.[4]

---

[4]   Notwithstanding anything to the contrary herein, the Amended Procedures will not apply to the following:

- Any Avoidance Action in which entry of default has occurred.
- Adversary Proceeding Nos. 16-03252 and 17-03092.
- The Causes of Action identified in the Motion of Creditors Committee for an Order Authorizing It to Conduct Bankruptcy Rule 2004 Examinations of the Debtors and Certain Third Parties [Docket No. 541, the Order Authorizing the Creditors Committee to Conduct Bankruptcy Rule 2004 Examinations of the Debtors and Certain Third Parties, and the Creditors' Committee's demand letter to D&Os, dated October 26, 2015, (annexed as Exhibit A to the Motion of the Creditors Committee for an Order Establishing Protocol for Payment of Proceeds under Director and Officer Liability Insurance Policies [Docket No. 661]), whether such Cause of Action is against such D&O in his or her capacity as such or is against such D&O in his or her individual capacity.
- The Causes of Action identified in the demand letter to LeClairRyan, dated on or about October 26, 2015.
- The Causes of Action similar to those identified in the demand letter to LeClairRyan, dated on or about October 26, 2015, against Dennis Ryan, Michael Ruggio, and Patrick Hurd.
- The Causes of Action identified in the demand letter from the Creditors' Committee to certain Persons, including D&Os, whether such Causes of Action are against such D&Os in their capacity as such or are against such D&Os in their individual capacity, dated on or about October 26, 2015.
- Causes of Action arising out of or related to the Debtors or their business practices against the D&Os, whether such Cause of Action is against such D&O in his or her capacity as such or is against such D&O in his or her individual capacity, the Debtors' current and former shareholders, the Debtors' current and former employees, the BlueWave Parties, Helena Laboratories, and LeClairRyan arising out of or related to, inter alia: (i) intentional or constructive fraudulent conveyance under section 548 of the Bankruptcy Code and sections 55-80 and 55-81 of the Virginia Code; (ii) preference payments under section 547 of the Bankruptcy Code; (iii) unlawful distributions to shareholders in violation of section 13.1-653 of the Virginia Code; (iv) breach of fiduciary duty under section 13.1-690 of the Virginia Code; (v) Virginia common law conspiracy and statutory conspiracy under section 18.2-499 of the Virginia Code; (vi) claims for civil remedies against racketeer influenced and corrupt organizations under Chapter 96 of Title 18 of the United States Code; (vii) claims for claims for overpayments, unjust enrichment, fraud, negligent misrepresentation, tortious interference with contract and unfair and deceptive, and civil conspiracy, whether under federal law or the laws of any state; (viii) the Claims and Causes of Action asserted in the actions captioned Connecticut General Life Insurance Company et al v. Health Diagnostic Laboratory, Inc., (Case No. 3:14-cv-01519-VAB), pending before the United States District Court for the District of Connecticut, and Aetna Inc. v. Health Diagnostic Laboratory, Inc. et al., (Case No. 2:15-cv-01868-RK) United States District Court for the Eastern District of Pennsylvania, and any other Causes of Action arising from the occurrences, transactions, and/or practices that are the subject of such proceedings; and/or (ix) aiding and abetting any act or omission of any Entity.
- Adversary Proceeding Nos. 16-03271 and 17-03029.
- Causes of Action against LeClairRyan for professional malpractice.
- Causes of Action against Dennis Ryan, Michael Ruggio, and Patrick Hurd for professional malpractice.
- Causes of Action against True Health Diagnostics, LLC.
- Causes of Action against the United States.

A.  **Case-Specific Summons.** The summons issued for each Avoidance Action will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that it has thirty (30) days from the date of service of the summons to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

B.  **Extension of Time by Which Plaintiff Must Serve the Summons.** The time period under Federal Rule of Civil Procedure 4(m), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7004, by which the plaintiff must serve the summonses and complaints in the Avoidance Actions on defendants in the United States, shall be extended by sixty (60) days, without prejudice to the plaintiff to seek further extensions of time for cause shown. The Liquidating Trustee should, however, endeavor to serve the summons and complaints as promptly as practicable after issuance of the summons.

C.  **Stipulation to Extend Time for Defendants to Respond to the Complaint.** Without further order of the Court, the parties may stipulate to no more than four (4) extensions of the time within which a defendant must respond to a complaint. No single extension may extend such time by more than thirty (30) days. Each stipulation must be in writing to be binding on the plaintiff.

D.  **Stay of Requirement to Conduct Scheduling Conference.** Federal Rule of Civil Procedure 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed with respect to the Avoidance Actions. Upon the filing of the Mediator's Report (as described below) with respect to each Avoidance Action that is not resolved through the Mediation Process (as described below)

or otherwise, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court prior to the date set for the Pretrial Scheduling Conference (as described below).

E. **Motions Practice and Stay of Discovery.** The parties' obligations to conduct formal discovery in each Avoidance Action shall be stayed until the Scheduling Order is entered provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Avoidance Action in advance of, or during, the Mediation Process. Further, hearings on all motions, including but not limited to initial motions responsive to the Complaint, such as Rule 12 motions, shall not be noticed or convened until conclusion of the Mediation Process. If a defendant fails to abide by the stay of motions practice, then the Liquidating Trustee may file a motion to strike the offending pleading or to take other action as may be appropriate under the circumstances.

F. **Mandatory Mediation Process.** Mediation will be required in all Avoidance Actions in accordance with the following procedures and timetable:

1. Within one hundred twenty (120) days after the defendant has filed its response to the complaint, the parties must have commenced the mediation process by having (a) selected a mutually agreeable mediator from the list of mediators attached hereto as **Exhibit 1**, (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation. If any defendant does not timely select a mediator, then the plaintiff shall promptly (i) assign a mediator to the case and (ii) so notify the defendant. Each mediator selected by this process shall hereafter be referred to as the "**Mediator**."

2. At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator. Unless agreed in writing by both parties and the Mediator, the position statements shall not exceed seven (7) pages double-spaced (exclusive of exhibits and schedules). The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

3. The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation. If a defendant fails to timely pay any bill for a Mediator's fees, the Liquidating Trustee may take action to collect such fees, including but not limited to, withholding disbursement on account of any allowed claim filed by

the defendant and proceeding to obtain default judgment against the defendant for all overdue Mediator's fees.

4. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures that are reasonable and practical under the circumstances.

5. The parties will participate in the mediation, as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party shall attend the mediation in person, and a representative of the defendant with full settlement authority shall additionally attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow such representative to appear telephonically.

6. The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

7. All proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

8. The mediation must be concluded no later than one hundred eighty (180) days after the date on which the defendant has filed its response to the complaint.

9. If a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the Avoidance Action.

10. Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the Avoidance Action, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable Avoidance Action settled (the "**Mediator's Report**").

11. The Liquidating Trustee is authorized to enter into compromises of Avoidance Actions only, or in conjunction with the resolution of filed Claims or alleged causes of action against the Debtors in accordance with the following:

    a. For compromises of claims that would result in an allowed claim of less than One Million and 00/100 Dollars ($1,000,000.00), the Liquidating Trustee shall be authorized to enter into such proposed settlement without further Court approval.

 b. For compromises of claims that would result in an allowed claim of One Million and 00/100 Dollars ($1,000,000.00) or greater, the Liquidating Trustee shall seek Court approval of such proposed compromise pursuant to Bankruptcy Rule 9019.

 c. With respect to any filed Claims that are settled pursuant to these procedures, the Objecting Party will provide notice of the applicable settlement(s) to the authorized claims, noticing, and balloting agent, American Legal Claim Services ("**ALCS**"). If applicable, ALCS shall be authorized and directed to amend the claims register to reflect the terms of the relevant settlement(s) without further order of the Court.

 d. In resolving the Avoidance Actions pursuant to the foregoing procedure, the Liquidating Trustee is further authorized to offer and give to a settling party a limited release pursuant to which the Liquidating Trustee acknowledges that he is prohibited from pursuing any further action or claim related to the alleged Avoidance Action.

 e. To minimize expenses and maximize value for creditors, pursuant to the terms of the Motion, the Liquidating Trustee is authorized to resolve any filed Claims or alleged causes of action against the Debtors and/or the Debtors' bankruptcy estates in conjunction with the settlement of Avoidance Actions.

 f. To further minimize expenses and maximize value for creditors, in the event an Avoidance Action is the subject of a settlement agreement or settlement stipulation, any adversary proceeding filed so as to prosecute that Avoidance Action may be dismissed pursuant to a notice of dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure as opposed to a stipulation for dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

12. If an Avoidance Action has not settled, then the plaintiff must file with the Court, and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Avoidance Action at the next scheduled Omnibus Hearing, provided however, that a minimum of fourteen (14) days' notice of the Pre-Trial Scheduling Conference is required.

 G. **Pretrial Scheduling Conferences/Motion Hearing Dates.** The Court will schedule regular Omnibus Hearing dates in the bankruptcy case, on which dates any post-mediation Pre-Trial Scheduling Conferences in the Avoidance Actions will take place. Any pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the Omnibus hearing dates or unless otherwise ordered by the Court.

Case 15-32919-KRH Doc 2740 Filed 05/30/17 Entered 05/30/17 10:30:40 Desc Main Document Page 11 of 13

H.  **Motions Affecting All Avoidance Actions.** Any motions filed by Liquidating Trustee that affect all of the Avoidance Actions may and should be filed in the above-captioned bankruptcy case, and not in each separately docketed Avoidance Action provided, however, that each defendant shall receive notice of the filing of the same.

I.  **Application of Existing Case Management Order.** The Order Establishing Certain Post-Confirmation Notice, Case Management and Administrative Procedures [Docket No. 1261] shall remain in full force and effect.

J.  **Notice of these Special Procedures.** A copy of these Amended Procedures will be served on each defendant with the summons and complaint in each Avoidance Action.

Dated: May 25, 2017                              Respectfully submitted,

       /s/ *Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 1040
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*


Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*

# EXHIBIT 1 TO AMENDED AVOIDANCE ACTION ADVERSARY

## PROCEEDINGS PROCEDURES

(Approved List of Mediators)

**Edward Schnitzer**
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7215
Email: eschnitzer@hahnhessen.com

**Marc Hamroff**
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, New York 11530
Telephone: (516) 873-2000 Ext. 231
Email: mhamroff@moritthock.com

**Peter M. Pearl**
Spilman Thomas & Battle, PLLC
Post Office Box 90
Roanoke, Virginia 24002-0090
Telephone: (540) 512-1832 - office
Email: PPearl@spilmanlaw.com

**Christian "Kirk" Vogel**
Vogel & Cromwell, LLC
8550 Mayland Drive, Suite 204
Richmond, Virginia 23294
Telephone: (804) 728-1574
Email: kvogel@vogelandcromwell.com

**Kelly M. Barnhart**
Roussos, Glanzer & Barnhart, PLC
580 East Main Street, Suit. 300
Norfolk, Virginia 23510
Telephone: (757) 622-9005
Email: barnhart@rgblawfirm.com

**Karen M. Crowley**
Crowley, Liberatore, Ryan & Brogan, P.C.
Town Point Center, Suite 300
150 Boush Street
Norfolk, Virginia 23510
Telephone: (757) 333-4500
Email: kcrowley@clrbfirm.com

**Michael O'Reilly Esq.**
The O'Reilly Law Firm
761-C Monroe Street, Suite 200
Herndon, Virginia 22182
Telephone: (703) 766-1991
Email: mike@orlawfirm.com